2026 OCT 23 PM 1:15 USDC - CHAS, SC

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

2:26-cv-05127-DCN-MHC

**CORNELIA R. BAKER** (formerly Cornelia Williams),

*Plaintiff,*

v.

**TIMOTHY VANN McGEE;**

**N & M HOMES, LLC** (d/b/a N & M Homes);

**HOMEQUEST REAL ESTATE SALES** (Tim Vann McGee);

**DEBBIE McGEE;**

**PATRICK R. WATTS;**

**WATTS LAW FIRM, P.A.;**

**CHRISTOPHER M. RAMSEY;**

**THE BOSTIC LAW GROUP, P.A.;**

**KHRISTY KING;**

**KKC NOTARY OF SC, LLC;**

**MARY STANLEY;** and

**RE/MAX PRO REALTY,**

*Defendants.*

## COMPLAINT: VIOLATION OF 18 U.S.C. § 1962 (CIVIL RICO) AND SUPPLEMENTAL STATE CLAIMS

I bring this action in the U.S. District Court for the District of South Carolina (Charleston Division). I assert federal question jurisdiction under 18 U.S.C. § 1964 (Civil RICO) and supplemental jurisdiction under 28 U.S.C. § 1367 for South Carolina state law claims.

## I. INTRODUCTION & NATURE OF THE ACTION

This action arises from a coordinated, fraudulent scheme executed by a real estate speculator (Timothy McGee), his business entity (N & M Homes), a now-suspended attorney (Patrick R. Watts), an opposing attorney (Christopher M. Ramsey), and a non-

compliant notary public (Khristy King). Together, they operated an association-in-fact enterprise designed to strip me — a financially vulnerable, disabled woman — of my massive ancestral heirs property, a 31.02-acre parcel in Berkeley County, currently valued at $1,158,000, which encompasses multiple residential addresses on Nellie Lane and Rutt Lane.

The Defendants operated the "Nellie Lane Property Acquisition Enterprise" to acquire valuable real estate through a pattern of racketeering activity — specifically, mail fraud, wire fraud, and extortionate duress. By misleading me, violating my explicit attorney-client instructions, fabricating and recording fraudulent deeds, and intentionally neglecting my mortgage for 30 months (resulting in a $51,300.16 delinquency and foreclosure proceedings) to force a default, the Defendants successfully executed their land-grab scheme, causing me severe financial ruin and the loss of my property.

## II. JURISDICTION AND VENUE

1. **Federal Question Jurisdiction:** Pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) (RICO civil remedies).
2. **Supplemental Jurisdiction:** Pursuant to 28 U.S.C. § 1367(a) over the state law claims (Fraud, Breach of Fiduciary Duty, Breach of Contract, Civil Conspiracy, and Declaratory Judgment to Set Aside Deeds) as they arise from a common nucleus of operative facts.
3. **Venue and Forum Selection:** Pursuant to 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965 because a substantial part of the events occurred in Berkeley County, South Carolina. Furthermore, **Section 8 of the June 1, 2019 Agreement** explicitly contains a forum selection clause providing that any action arising out of the Agreement "shall be brought in the state and federal courts located in Berkeley County, South Carolina."

## IV. STATEMENT OF FACTS

### A. The Subject Property and the Pre-Meditated Land Grab

1. I owned a 50% undivided interest in a **31.02-acre ancestral heirs property** located at Nellie Lane and Rutt Lane, Goose Creek, SC 29445 (Berkeley County TMS# 244-00-00-028).
2. The property is currently valued at **$1,158,000**. In May 2020, it was valued at $668,100. It encompasses multiple residential addresses, including 319 Nellie Lane

(where I built a 7,500 sq. ft., 10-bedroom, 7-bathroom home, investing over $575,000 of my own funds), 302 Nellie Lane, and several others.

3. On June 1, 2019, I and Defendant Timothy McGee executed an **"Agreement Involving Real Property"** to file a Partition Lawsuit against the co-owner, Essie M. Mallard.

4. Under the Agreement, McGee was contractually obligated to:

   • Fully fund the Partition Lawsuit (attorney's fees, filing costs).

   • Pay all **property carrying costs**, including the **mortgage, taxes, and insurance**.

   • Provide alternative lodging for me and my family.

5. Section 3d of the Agreement outlined a "Dismissal" scenario: if I dismissed the suit, I would convey my interest to McGee in exchange for McGee paying off the entire mortgage and paying me a **$75,000 lump sum**.

6. Section 4 of the Agreement explicitly contained a **Conflict of Interest Clause**, stating that any attorney representing me in the partition suit must take direction **ONLY from me**, with **no influence whatsoever from McGee**.

7. Section 12 of the Agreement required all amendments or modifications to be in **writing and signed by all Parties**.

8. **Evidence of Pre-Meditation:** Despite the Agreement being executed on June 1, 2019, and my not "hiring" Patrick Watts until May 4, 2020, the Defendants had already begun planning the land grab:

   • A subdivision plat showing the creation of Lot A-1 (1.00 acre for me) and a massive **35.141-acre residual** (Lot A Residual) was prepared by Parker Land Surveying LLC on **February 10, 2020** — nearly three months before I hired Watts.

   • Watts possessed my property information on the back of a February 26, 2019 letter written to another client (Loretta Strobel), proving Watts and McGee were coordinating on my property long before I entered Watts' office.

   • In an email dated April 2, 2020, I explicitly told McGee: *"1 acre where house is located to remain my property... as well as a certified check for $75,000... Please keep home covered with insurance & ADT."* This proves my intent was always to retain my home and 1 acre, which the Defendants systematically ignored.

**B. The May 2020 Conspiracy and Dual-Intake Conflict**

1. On May 4, 2020, McGee pre-arranged an appointment with Defendant Patrick R. Watts, misleading me into trusting Watts as my independent counsel.

2. On May 4, 2020, **BOTH I and McGee filled out Client Intake Forms at Watts Law Firm**. This simultaneous intake demonstrates that Watts actively engaged in a dual representation and a profound, non-waivable conflict of interest from day one, in direct violation of Section 4 of the Agreement.

3. At the May 4 meeting, I explicitly instructed Attorney Watts that he was **not to take instructions from or communicate case details with Timothy McGee**.

4. Despite these instructions, Watts' billing statement (dated March 9, 2021) and firm logs prove he immediately began communicating directly with McGee:

   - **May 11, 2020:** Phone conference with McGee to discuss "details of case" and McGee's instruction to "buy Cornelia out" and "deed to McGee."
   - **May 13, 2020:** Watts prepared a deed transferring the property from me to McGee — **without my authorization or knowledge**.
   - **May 15, 2020:** Watts rushed me into signing the unauthorized deed, failing to explain its legal effect, and immediately posted it to the Register of Deeds.
   - **May 21, 2020:** Phone conference with McGee regarding an "Employment Contract and Initial" to secure McGee's funding of the scheme.
   - **May 22, 2020:** The Berkeley County Register of Deeds returned the deed unrecorded due to an incorrect check amount.

**C. The Foreclosure Collusion and Extortionate Duress**

1. To force the transfer, Patrick Watts and Christopher M. Ramsey (representing Mallard) coordinated to allow the mortgage to default, using the threat of foreclosure as leverage.

2. McGee intentionally withheld mortgage payments on my loan (Rushmore Loan Servicing, loan number ending in 2767) for **30 months**, accumulating a delinquency of **$51,300.16** and driving the loan balance from $100,000 to over $140,000. Watts directed McGee to discontinue the payments so the land would foreclose and they would gain my mother Essie M. Mallard's 50% interest as well as mine.

3. Because McGee failed to maintain insurance on the property, the lender was forced to place **force-placed insurance** through Great American Assurance Co (effective Feb 1, 2021) at a premium of $52.74/month, listing me as the sole liable borrower.

4. On October 1, 2021, Rogers Townsend LLC issued a **Notice of Denial of Foreclosure Intervention** to *both* Patrick Watts and Christopher Ramsey, proving they were actively managing the foreclosure default behind my back to maximize leverage.

5. The Defendants used this manufactured foreclosure crisis to coerce me into signing a **"Correction Deed" under extreme duress** while I was financially destitute, attempting to force a "dismissal" under Section 3d without ever paying me the **$75,000 lump sum** or paying off the mortgage. McGee did pay me $70,021.49, but that payment was an advance on the future development and a show of good faith in reinstating the contract he had breached — it was not the $75,000 Section 3d lump sum, and it was not a sale price. My attorney, Patrick Watts, told me it was fine to accept it, and I believed him. The $13,847.17 figure was earlier money: previous loans McGee had advanced me, plus a few payments he made under the Agreement before the payments were stopped.

6. Watts later claimed that I had sold the land to McGee for the $70,021.49. That is false. In the Partition Action that Watts filed in my name, his own filing states that I said I was not selling or transferring any land — yet he attached a deed transfer giving the land to McGee.

7. **Identity Theft and Fraud:** To facilitate the scheme, McGee engaged in further criminal conduct:

   - On June 5, 2020, McGee forged my signature on a letter to Rushmore Mortgage, using McGee's own phone number (843) 568-3888 under my name to obtain mortgage records.
   - In November 2020, McGee opened an ADT Security account ($984.49) in my name under false pretenses without my authorization, which subsequently went to a collection agency (Apelles in Columbus, OH) and severely damaged my credit.
   - McGee hired Shawn Lane Gibeaut — a **registered Tier II sex offender** — to install security cameras inside my home, displaying an egregious disregard for my safety and utilizing the security system to monitor me.

### D. The "Smoking Gun" Written Admissions of Fraud

1. In a series of written email communications in November 2021, I directly confronted Watts' office regarding the unauthorized transfer:

   - **November 9, 2021:** I wrote: *"Mrs. Shelly [Davis, Watts' assistant] you told me you messed up the property card and gave Tim Mcgee my house and property. This needs to be fixed ASAP."*
   - **November 10, 2021:** Patrick Watts responded in writing, admitting the deed was improperly recorded without the required plat and stating: *"I need the original deed to re-record it with the plat... We cannot do anything without the original deed."*
   - **November 10, 2021:** I replied, explicitly denying consent: *"I did not give any of your property to Mr. McGee."*

2. On November 2, 2021, Watts had written to me stating, *"Ms. Baker, I'm working on it,"* further admitting that his office was aware of and responsible for the improper transfer.

3. On August 14, 2021, Watts wrote a letter to McGee acknowledging that McGee "has title" and advising him on how to defend the foreclosure or "deed the property back" to me. This letter was sent *after* Watts' assistant served a **Motion to Withdraw as Counsel** on me (August 3, 2021), proving Watts continued to represent McGee's interests over his own client's even as he abandoned me.

4. **The "Appointment to Sign Deed" Paradox:** Watts' own internal office note dated October 2, 2020, schedules me for an "Appt to Sign deed 10/7/20 @ 10:00." This completely contradicts Watts' claim that I voluntarily signed away my deed on May 15, 2020, and proves the original deed was defective, unauthorized, or forged.

5. At that October 7, 2020 deed signing, Watts threatened to have me removed from my home and threatened me with arrest by SLED if I failed to cooperate, and he forced my signature under duress.

### E. Notary Fraud and the Judicial Dismissal Scheme

1. The June 1, 2019 Agreement was originally notarized in Myrtle Beach, South Carolina, by a notary at a postal business. My original signed copy was destroyed, and I was forced to obtain a copy from Defendant Timothy McGee. The copy McGee provided had a manipulated signature page, manufacturing a false witness, as McGee had been advised by Defendant Patrick Watts.

2. Defendant Patrick Watts personally knows Defendant Khristy King from his days as a Dorchester County magistrate, before he stepped down for misconduct. The Defendants utilized King to falsely notarize signatures on the Agreement and subsequent deeds to facilitate their illegal recording.

3. **The Dismissal of the Partition Action:** On October 24, 2023, **Judge Dale E. Van Slambrook** (a close professional associate of Patrick Watts at the Steinberg Law Firm) signed an order dismissing my partition action (Case No. 2020CP0801163) for **"lack of prosecution."**

4. This dismissal occurred while the case was supposedly stayed due to my bankruptcy, which I was forced to file on February 18, 2022, after the foreclosure that followed McGee's mortgage default.

5. On November 2, 2023, I emailed the court administrator, Connor Parker, explaining that the stay was improperly ignored, and stating: *"I think the plan is now to file the partition Action in Timothy McGees name so that they can proceed with the land theft and development... South Carolina seems to be ground zero in these types of issues where the poor and people of color fall victims to these land theft."*

## V. THE CIVIL RICO ENTERPRISE

*(Plead with specificity under 18 U.S.C. § 1961 and § 1962)*

1. **The Enterprise:** The Defendants (McGee, N&M Homes, Patrick Watts, Watts Law Firm, Christopher Ramsey, Bostic Law Group, and King) associated together in fact to form an **association-in-fact enterprise** under **18 U.S.C. § 1961(4)**, hereinafter referred to as the **"Nellie Lane Property Acquisition Enterprise."**

2. **Distinctness:** The Enterprise is an ongoing, structured organization distinct from the individual Defendants themselves. It had a common purpose: to systematically target, defraud, and strip real property from vulnerable landowners.

3. **Interstate Commerce Nexus:** The Enterprise engaged in and affected interstate commerce because:

   - The fraudulent transactions involved an interstate mortgage lender/servicer (Rushmore Loan Management Services, based in California, and JP Morgan Mortgage Acquisition Corp., based in New York).

- The Enterprise forced the placement of lender-placed insurance through Southwest Business Corporation (based in San Antonio, Texas) and Great American Assurance Co.
- I was forced to hire an out-of-state loss mitigation service, Equinox Legal Solutions (based in Beverly Hills, California), incurring **$3,750** in damages to save my property.
- The collection activities for the fraudulent ADT debt were conducted by Apelles (based in Columbus, Ohio).
- The Defendants utilized interstate wires (phone calls, electronic banking, emails) and the U.S. Mail to transmit fraudulent documents, billing statements, and legal correspondence.

## VI. THE PATTERN OF RACKETEERING ACTIVITY

*(Plead with specificity under Rule 9(b) of the Federal Rules of Civil Procedure)*

The Defendants conducted the affairs of the Enterprise through a pattern of racketeering activity consisting of multiple predicate acts of **Mail Fraud (18 U.S.C. § 1341)** and **Wire Fraud (18 U.S.C. § 1343)** over a period exceeding two years (establishing both closed-ended and open-ended continuity).

**Table of Predicate Acts (18 U.S.C. §§ 1341, 1343)**

| Date | Predicate Act Type | Description of Fraudulent Transmission |
|---|---|---|
| **May 11, 2020** | **Wire Fraud (§ 1343)** | Phone call between Patrick Watts and Timothy McGee to coordinate the unauthorized deed preparation, bypassing me, his client. |
| **May 13, 2020** | **Wire Fraud (§ 1343)** | Electronic drafting and transmission of the unauthorized deed from me to McGee within Watts Law Firm. |
| **May 15, 2020** | **Mail Fraud (§ 1341)** | Mailing/posting the fraudulently executed deed to the Berkeley County Register of Deeds for recording. |
| **June 5, 2020** | **Mail Fraud (§ 1341)** | Forged letter mailed to Rushmore Mortgage in California using McGee's phone number under my name to obtain mortgage records. |

| | | |
|---|---|---|
| **September 14, 2020** | **Wire Fraud (§ 1343)** | Phone call between Patrick Watts and McGee regarding case status and JP Morgan mortgage, bypassing me, the client. |
| **October 1, 2020** | **Wire Fraud (§ 1343)** | Phone call between Watts' office and McGee discussing my concerns about my home being included in the deed, asking McGee to provide a written misrepresentation. |
| **November 2020** | **Wire Fraud (§ 1343)** | Electronic transmission to open fraudulent ADT account in my name to Aurora, Colorado. |
| **January 6, 2021** | **Mail Fraud (§ 1341)** | Mailing the second "Correction Deed" to the Berkeley County Register of Deeds at McGee's direction without my consent. |
| **August 14, 2021** | **Mail Fraud (§ 1341)** | Mailing of Watts' letter to McGee advising him on how to defend the foreclosure or "deed the property back" to me, confirming Watts represented McGee's interests. |
| **September 16, 2021** | **Mail Fraud (§ 1341)** | Collection letter from Apelles (Columbus, Ohio) sent to me regarding the fraudulent ADT debt. |
| **October 1, 2021** | **Mail Fraud (§ 1341)** | Receipt of the Rogers Townsend Foreclosure Intervention Denial, mailed to both Watts and Ramsey to coordinate the default leverage. |
| **November 10, 2021** | **Wire Fraud (§ 1343)** | Email transmission from Patrick Watts to me admitting to recording the deed without the plat and attempting to obtain the original deed to cover up the fraud. |

## VII. CAUSES OF ACTION

### COUNT I: VIOLATION OF 18 U.S.C. § 1962(c) (Conducting Enterprise Affairs through Racketeering)

*(Against Defendants Timothy McGee, Patrick R. Watts, and Christopher M. Ramsey)*

1. I reallege and incorporate all prior paragraphs.

2. Defendants are "persons" within the meaning of **18 U.S.C. § 1961(3)**.

3. Defendants knowingly conducted and participated, directly and indirectly, in the conduct of the Nellie Lane Property Acquisition Enterprise's affairs through a "pattern of racketeering activity" as defined in **18 U.S.C. § 1961(5)**.
4. As a direct and proximate result of Defendants' violations, I was injured in my property (losing my 31.02-acre land, my home, incurring massive debt, and suffering severe credit damage).

**COUNT II: VIOLATION OF 18 U.S.C. § 1962(d) (Conspiracy to Violate § 1962(c))**

*(Against All Defendants)*

1. I reallege and incorporate all prior paragraphs.
2. Defendants knowingly conspired, facilitated, and agreed to conduct the affairs of the Enterprise through a pattern of racketeering activity.
3. Each Defendant agreed to the commission of at least two predicate acts to further the conspiracy's objective of defrauding me of my property.

**COUNT III (Supplemental State Claim): Fraud / Fraud in the Factum**

*(Against Defendants McGee, Patrick Watts, and Watts Law Firm)*

1. Patrick Watts made material misrepresentations regarding the nature of the deeds I signed, claiming they were necessary for the "partition action" when they actually transferred my title to McGee.
2. Watts' assistant Shelly Davis's admission that they "gave Tim McGee my house and property" and my explicit written statement "I did not give any of your property to Mr. McGee" prove a complete lack of genuine intent to convey.
3. The fraud constitutes **fraud in the factum**, rendering the resulting deeds **void ab initio**.

**COUNT IV (Supplemental State Claim): Breach of Fiduciary Duty**

*(Against Defendants Patrick Watts and Watts Law Firm)*

1. As my legal counsel, Patrick Watts owed me the highest duty of loyalty, confidentiality, and care.

2. Watts breached this duty by engaging in a dual-intake conflict of interest on May 4, 2020, colluding with McGee, taking strategic direction from McGee, preparing unauthorized deeds, and concealing the conflict of interest with Christopher Ramsey.

**COUNT V (Supplemental State Claim): Breach of Contract**

*(Against Defendant Timothy McGee)*

1. McGee materially breached the June 1, 2019 Agreement by failing to pay the mortgage carrying costs (resulting in foreclosure), failing to maintain property insurance (resulting in force-placed insurance), and failing to pay the **$75,000 lump sum** under Section 3d.

**COUNT VI (Supplemental State Claim): Civil Conspiracy**

*(Against All Defendants)*

1. Defendants combined for the purpose of injuring me by stripping me of my real property through unlawful means (fraud, notary violations, and legal malpractice).

**COUNT VII (Supplemental State Claim): Declaratory Judgment / Action to Set Aside Deeds**

*(Against All Defendants)*

1. An actual controversy exists regarding the validity of the deeds recorded in Berkeley County.

2. I am entitled to a declaratory judgment under 28 U.S.C. § 2201 and South Carolina common law declaring both the original deed and the Correction Deed **void ab initio** due to fraud, duress, and execution defects, and restoring sole title of the 31.02-acre property to me.

## VIII. PRAYER FOR RELIEF

WHEREFORE, I, Cornelia R. Baker, respectfully request that this Court enter judgment in my favor and against the Defendants, granting the following relief:

**1. On Counts I and II (Civil RICO):**

- Three-fold (treble) the actual damages sustained by me, in an amount to be determined at trial (estimated actual damages of **$1,483,034**, trebled to **$4,449,102**), pursuant to **18 U.S.C. § 1964(c)**.

- Award of litigation expenses and costs of court.

**2. On Count VII (Declaratory Judgment):**

- An Order declaring the original deed and the Correction Deed **void ab initio** and directing the Berkeley County Register of Deeds to expunge the fraudulent deeds and restore fee simple title of the 31.02-acre property (TMS# 244-00-00-028) to me.

**3. On State Law Claims:**

- Compensatory damages for breach of contract, fraud, identity theft, and breach of fiduciary duty (including the **$3,750** paid to Equinox Legal Solutions, the **$8,500** paid to Koontz Mlynarczyk, LLC to investigate this matter, the **$51,300.16** mortgage delinquency, and **$984.49** ADT debt).
- Punitive damages against Defendants Timothy McGee, Patrick Watts, and Christopher Ramsey in the amount of **$1,100,000** for their willful, wanton, and malicious conduct.

4. Pre-judgment and post-judgment interest as allowed by law.

5. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

I, Cornelia R. Baker, demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

______________________________

**Cornelia R. Baker, Plaintiff Pro Se**

319 Nellie Lane, Goose Creek, SC 29445

Mailing Address: P.O. Box 41534, Charleston, SC 29423

Telephone: (843) 433-6673

Date: 10/23/2026